**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Blvd., Suite 345
Los Angeles, CA 90049
Tel: (424) 832-7677
Fax: (424) 832-7702
Daniel K. Balaban, SBN 243652
Andrew J. Spielberger, SBN 120231
Vanessa L. Loftus-Brewer, SBN 265213
Kahren Harutyunyan, SBN 298449

**KABATECK BROWN KELLNER LLP**
Engine Company No. 28 Building
644 South Figueroa Street,
Los Angeles, CA 90017
Tel: (213) 217-5000
Fax: (213) 217-5010
Brian S. Kabateck, SBN 152054
Anastasia K. Mazzella, SBN 245201

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER POOLE and PLAINTIFFS listed on **Exhibit 1** attached hereto,<br><br>Plaintiffs,<br>vs.<br><br>TWIN HILL ACQUISITION COMPANY, INC.; a California corporation; TAILORED BRANDS, INC., a corporation with principal corporate and executive offices in California AND DOES 1 THROUGH 100,<br><br>Defendant(s). | Case No. 3:18-cv-2758-JCS<br><br>[Related actions: *Agnello et al*, 3:18-cv-2756 (Lead); *Macknochie et al.,* 3:18-cv-2761; *Hughes et al*., 3:18-cv-2762]<br><br>**THIRD AMENDED COMPLAINT**<br><br>**1. STRICT PRODUCTS LIABILITY**<br>**2. NEGLIGENT PRODUCTS LIABILITY**<br>**3. NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW**, Plaintiffs, HEATHER POOLE, MARIE VALENZUELA, TRACEY SILVER-CHARAN, PATTI WILSON, ANTOINETTE PRICE, TYUANA GREEN, PATRICIA

---

1
**THIRD AMENDED COMPLAINT**

STACK, BETH MILES, MARGUERITE D'AMICO, ELIZABETH ELLISON, BONNIE DUBBS, MARGARET COOK, JOANNE CHINO-MALONEY, DIANA BENTON, ROBIN ADAMS, VIRGINIA SUMMERS, TROY LIM, CATHLEEN RUSK DELRIO, SHIRLEY MOK, ELIZABETH HENRY, JAYEONG YOO, LUCINDA YAPP, ALLISON WOOD, JONNA WILLIS, JUAN VELEZ, KAREN VARLEY, AMALIA VALLE REBAZA, CAROL TARANTO, BYRON SUTHERLAND, PETER SNEDDON, ISABELLE SMITH, NANCY SCHNEIDER , VICKI SCHALLER, KLEVIS SATA, BRENDA SABBATINO, DONNA ROGERS, MARIA RODRIGUEZ, KAZIA ROBICHAUD, JOAN QUILICO, MEGAN POSET, LINDA PENBERTHY, SUZANNE PATTILLO, LINDA OSTROWSKI, ALICIA OLSON, LAURIE NUNEZ, KIM NIEPOKY, LAURIE NIEDOMYS, JULIE MOSTELLER, CHRISTOPHER MICHAEL, LISA MENDEZ, MARTHA MASLA, REBECCA LESIEUTRE, TRACY KOZO, BENITA KILCREASE, ROSLYN KIRTON, KATHLEEN KELLY, CLAUDIA JACKSON, CASEY HURST, NANCY HUENERGARDT, STACEY HENRY, TERRI HEGWALD, SANDRA HAYEN, WHITNEY HEDMAN, MARYANNE HALAMA, LORRAINE GROSSI, JACQUELINE FRANK, CAROL FREEMAN, NANCY FLEMER, LISSETTE FIGUEROA, RITA DIZ, CAMILLE DAYEKH, TERRI CRIBBS, LORI COOCEN, JANET CONROY, CANDY CAHILL, HOLLY BOOKER, GLORIA BARNETT, RHONDA MCELRATH, MICHAEL ZEITZ, DEBRA JONES, MEGAN CARAWAY, AMANDA WHITEHOUSE-DUCKETT, SANDRA BURNELL, LIRON SHENKAR, MELISSA McCULLOUGH, MARILYN GONZALEZ, MARY BARNES, KRISTEN WRIGHT, GRETCHEN STUDIER, SARA BEITTER, APRIL TESTER, FRANCINE WASKOWICZ, ALLISON BOLLMANN, CATHERINE ULRICH, NANCY SIMPSON, DEBORAH MARCANTONIO, JAZTON KENNEDY, SHAWN DAVIS, ("Plaintiffs") for causes of action against defendants, TWIN HILL ACQUISITION COMPANY, INC. (hereinafter "TWIN HILL"); TAILORED BRANDS, INC. (hereinafter "TAILORED BRANDS"); and DOES 1 through 100, inclusive, and each of them, complains and alleges as follows:

**GENERAL ALLEGATIONS**

1.   There are 19 of the aforementioned Plaintiffs who are current residents of the State of California.

2. There are 79 of the aforementioned Plaintiffs' who currently are, residents of states or nations other than the State of California.

3. At all times mentioned herein, defendant TWIN HILL ACQUISITION COMPANY, INC. (hereinafter "TWIN HILL") was, and is a corporate entity incorporated in the State of California and doing business at 6100 Stevenson Boulevard, Fremont, California 94538-2490.  TWIN HILL is a wholly owned subsidiary of Defendant TAILORED BRANDS, INC.

4. At all times mentioned herein, defendant TAILORED BRANDS, INC.  (hereinafter "TAILORED BRANDS") is a corporation with principal corporate and executive offices in California.

5. The true names and/or capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe, and thereupon allege, that each defendant fictitiously named herein as a DOE was legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and proximately thereby caused the injuries and damages to Plaintiffs as hereinafter alleged.  Plaintiffs will ask leave of court to amend the complaint to insert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained.

6. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants, and each of them, including DOES 1 through 100, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants and were, as such, acting within the course, scope and authority of said agency, employment and/or venture and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee and/or joint venturer.

7. At all times mentioned herein, Plaintiffs are and were actual employees of American Airlines Inc. or of commuter airline companies that had working relationships with American Airlines, Inc. (hereinafter collectively referred to as "American Airlines employees").

8. In or about September 2016, American Airlines Inc. implemented a change of uniforms for its worldwide workforce, including but not limited to flight attendants, pilots, ground crews,

3
**THIRD AMENDED COMPLAINT**

1  maintenance crews and service agents.  These uniforms (hereinafter "UNIFORMS") were and are
2  manufactured and/or distributed by Defendant TWIN HILL, and/or TAILORED BRANDS and DOES
3  1-100.  On information and belief, TWIN HILL, TAILORED BRANDS, and DOES 1-100 shipped
4  approximately 1.4 million garments and accessories to more than 65,000 American Airlines
5  employees worldwide.  These UNIFORMS were received by various American Airlines employees at
6  various times commencing mainly in or around September 2016 and thereafter.

7      9.      As more fully alleged below, these UNIFORMS, manufactured and/or distributed by
8  Defendant TWIN HILL and/or TAILORED BRANDS, AND DOES 100, are dangerously defective as
9  they created and create an unreasonable risk of physical harm to those who wear them and to those
10 who are exposed to them.

11      10.     Since the introduction of these UNIFORMS into the workforce, people wearing these
12 UNIFORMS and/or or those exposed to these UNIFORMS have experienced a plethora of health
13 problems, including, but not limited to: dermatological injury, respiratory injury, neurologic injury
14 and allergenic/immunological injuries including, but not limited to, skin rashes, allergenic skin
15 reactions, ear, nose and throat irritation and inflammation, nerve injuries, allergenic and
16 immunological hypersensitivity, auto-immune dysfunction and injuries and numerous other symptoms
17 involving the dermatological, respiratory, neurological and immunological systems.

18      11.     The UNIFORMS have been tested by entities hired by TWIN HILL and by American
19 Airlines and the test results show the presence of synthetic materials which contain, but are not limited
20 to, at least the following: formaldehyde, pentachlorophenol, monochlorophenols, tetrachlorophenols,
21 trichlorophenols, toluene, cobalt, cadmium, captafol, chromium, copper, nickel, antimony, benzyl
22 benzoate, hexyl cinnamic aldehyde, benzaldehyde.

23      12.     Shortly after the introduction of the UNIFORMS, thousands of complaints from flight
24 attendants flooded into their unions, the Association of Flight Attendants and the Association of
25 Professional Flight Attendants.  The volume was so great that both organizations set up special task
26 forces to address the problems created by the introduction of the UNIFORMS into the American
27 Airlines flight attendant work force.

28

4
**THIRD AMENDED COMPLAINT**

13. The adverse physical reactions were so immediate that American Airlines acknowledged the health concerns expressed by its flight attendants and established a call center to review health concerns and offered replacement garments to its employees.

14. The aforementioned chemicals can cause injury to human beings either alone or in combination with each other. Attached as **EXHIBIT 1** is a chart that identifies each Plaintiff along with his or her illnesses and symptoms and the specific chemicals and/or combination of chemicals that were substantial factors in bringing about, prolonging, and/or aggravating Plaintiffs' symptoms and illnesses.

15. Plaintiffs are informed and believe, and thereupon allege, that the UNIFORMS were designed, manufactured, and distributed by TWIN HILL TWIN HILL, and/or TAILORED BRANDS, and DOES 1-100.

16. All Plaintiffs mentioned herein have experienced adverse health consequences caused by wearing or being exposed to the mandated UNIFORMS, which were manufactured, distributed and provided by TWIN HILL, and/or TAILORED BRANDS, and DOES 1-100 to Plaintiffs.

17. TWIN HILL and/or TAILORED BRANDS, and DOES 1-100 did cause adverse health conditions to Plaintiffs by providing UNIFORMS to the Plaintiffs that were negligently manufactured so as to cause adverse health consequences and did cause such adverse health consequences.

18. Plaintiffs are further informed and believe, and thereupon allege, that the Defendants did not have adequate safety mechanisms in the manufacturing and distribution of the UNIFORMS so as to reasonably ensure the safety of Plaintiffs. Plaintiffs are further informed and believe, and thereupon allege, that the defective manufacturing process caused the aforementioned chemicals to be present in the UNIFORMS at a level that was harmful to Plaintiffs and that the UNIFORMS were materially different and deviated from TWIN HILL and/or TAILORED BRANDS's intended design which ultimately caused harm to Plaintiffs.

19. In the alternative, Plaintiffs allege that the UNIFORMS were defectively designed such that the UNIFORMS violated the expectations of an ordinary consumer. Ordinary consumers do not expect to become ill from wearing their mandated work attire or any piece of clothing for that matter. Nor was the danger of the UNIFORMS readily apparent to an ordinary consumer as the presence of

1 these chemicals is outside the common experience of flight attendants and other users of the
2 UNIFORMS. Moreover, to the extent the aforementioned chemicals were intended by TWIN HILL
3 and/or TAILORED BRANDS to be present in the UNIFORMS, the risk that those chemicals would
4 cause harm to Plaintiffs or other bystanders far outweighed the benefits of their use.

5      20.     Plaintiffs are further informed and believe, and thereupon allege, that the Defendants
6 did not provide adequate warnings to Plaintiffs or other consumers regarding the danger posed by the
7 UNIFORMS. Defendants did not provide any warning that the UNIFORMS could cause a plethora of
8 health problems, including, but not limited to: dermatological injury, respiratory injury, neurologic
9 injury and allergenic/immunological injuries including, but not limited to, skin rashes, allergenic skin
10 reactions, ear, nose and throat irritation and inflammation, nerve injuries, allergenic and
11 immunological hypersensitivity, auto-immune dysfunction and injuries and numerous other symptoms
12 involving the dermatological, respiratory, neurological and immunological systems. These dangers
13 are substantial and are not readily recognizable by the ordinary consumer as the chemicals are not
14 identifiable without laboratory testing that is outside the experience of the ordinary consumer.

15     21.     Plaintiffs are further informed and believe, and thereupon allege, that the Defendants
16 knew of the danger that the UNIFORMS posed to Plaintiffs and innocent bystanders, but nevertheless
17 failed to provide an adequate warning of that danger.

18     22.     As a result of the Defendants' conduct, Plaintiffs suffered severe and permanent
19 injuries while wearing and/or being exposed to the UNIFORMS.

**JURISDICTION CONTESTED - PLAINTIFFS' MOTION TO REMAND**

21     23.     This action is one of four separate lawsuits originally filed against the same Defendants
22 in the Superior Court of California, County of Alameda: (1) *Melodie Agnello v. Twin Hill* [State Case
23 Number RG17880635] (originally filed on October 30, 2017; First Amended Complaint filed April
24 10, 2018; Second Amended Complaint filed April 27, 2018); and (2) *Heather Poole v. Twin Hill*
25 [State Case Number RG17876798] (originally filed September 27, 2018; First Amended Complaint
26 filed April 10, 2018; Second Amended Complaint filed April 27, 2018); and (3) *Alexandra Hughes v.*
27 *Twin Hill* [State Case Number RG18902727] (originally filed April 27, 2018); and (4) *Rosemary*
28 *Mackonochie v. Twin Hill* [State Case Number RG18902720] (originally filed April 27, 2018).

6
**THIRD AMENDED COMPLAINT**

1    24.    Each lawsuit names fewer than 100 plaintiffs.

2    25.    On May 10, 2018, Defendants removed the four actions to federal court, invoking the
3    Class Action Fairness Act's mass action provision (28 U.S.C. § 1332(d)).

4    26.    On June 10, 2018, Plaintiffs in the four actions filed Motions to Remand, arguing the
5    cases were improperly removed and not within the jurisdiction of the federal court.

6    27.    On July 11, 2018, while Plaintiffs Motions to Remand were pending, Defendants
7    informed Plaintiffs they intended to file motions to dismiss under Federal Rules of Procedure, Rule
8    12(b)(6), and provided the grounds for said motions.

9    28.    On July 12, 2018, Plaintiffs agreed to amend the four complaints solely to avoid a
10   motion to dismiss while their Motions to Remand were pending.

11   29.    On July 23, 2018, the parties filed a Stipulation allowing Plaintiffs to file amended
12   complaints under Federal Rules of Civil Procedure, Rule 15(a)(2).

13   30.    By filing this amended pleading, Plaintiffs are in no way waiving their right to remand
14   or engaging in any affirmative conduct or unequivocal assent that would render it offensive to
15   fundamental principles of fairness to remand.

16   31.    At the time of this filing, the hearing on Plaintiffs' Motions to Remand are on the
17   federal court's calendar for August 31, 2018.

18   32.    Plaintiffs continue to contest federal court jurisdiction despite filing this amended
19   pleading.

20                            **FIRST CAUSE OF ACTION**

21                            **STRICT PRODUCTS LIABILITY**

22              **(Against All Defendants; and DOES 1 through 100 inclusive)**

23   33.    Plaintiffs allege as though fully set forth at length, and incorporate herein by reference,
24   all of the allegations and statements contained in paragraphs 1 through 32, inclusive, of the General
25   Allegations, above.

26   34.    Plaintiffs are informed and believe, and thereupon allege, that at all times herein
27   mentioned, defendants TWIN HILL and/or TAILORED BRANDS; and DOES 1 through 100,
28   inclusive and each of them, by and through their officers, directors, employees and/or managing

1    agents, were the manufacturers, fabricators, designers, assemblers, testers, distributors, sellers,
2    inspectors, marketers, warrantors, lessors, renters, suppliers, modifiers, providers and/or advertisers of
3    the UNIFORMS, which contained design and/or manufacturing defects, and every component part
4    thereof, and which was capable of causing, and in fact, did cause personal injuries to the users and
5    consumers and bystanders thereof, including Plaintiffs, while being used in a manner reasonably
6    foreseeable, thereby rendering the UNIFORMS unsafe and dangerous for use by the consumer, user
7    and/or bystander.  Defendants TWIN HILL and/or TAILORED BRANDS; and DOES 1 through 100,
8    and each of them, by and through their officers, directors, employees and/or managing agents, also
9    failed to provide adequate warnings to consumers and users of the UNIFORMS concerning the
10   significant dangers associated with the UNIFORMS, or to instruct consumers and users regarding the
11   use and dangers of the UNIFORMS, and warned or failed to warn, and instructed or failed to instruct,
12   anticipated users of the UNIFORMS, concerning use and dangerousness of the UNIFORMS.

13       35.     Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned
14   herein, the UNIFORMS were defective when placed on the market by defendants TWIN HILL and/or
15   TAILORED BRANDS; and DOES 1 through 100, and each of them, and was of such a nature that the
16   defects would not be discovered in the normal course of inspection and operation and use by users
17   thereof.  At all times relevant herein, the UNIFORMS were in substantially the same condition as they
18   were when they were originally placed into the stream of commerce by defendants TWIN HILL and
19   TAILORED BRANDS; and DOES 1 through 100, inclusive and each of them.

20       36.     Defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100,
21   inclusive, and each of them, by and through their officers, directors, employees and/or managing
22   agents, designed, tested, manufactured, and distributed garments and accessories, including the
23   UNIFORMS, to their retailers and customers.  The UNIFORMS, contained design and manufacturing
24   defects, including design characteristics and materials which increased the likelihood of a serious
25   injury or death from the chemicals found in the UNIFORMS when the UNIFORMS were being used
26   in a reasonably foreseeable manner.

27       37.     Prior to the distribution of the UNIFORMS to the American Airlines employees,
28   including but not limited to plaintiffs, the officers, directors, employees and/or managing agents of

defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive and each of them, were aware of the danger of the UNIFORMS and the severity of the risk of injury or death to consumers, bystanders and users of the UNIFORMS.

38. Specifically, prior to the distribution of the UNIFORMS to the American Airlines employees, including but not limited to the plaintiffs, the officers, directors, employees and/or managing agents of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive and each of them, were aware that the UNIFORMS at issue herein, were dangerous in their design and manufacture, and that these UNIFORMS were dangerous when used in a reasonably foreseeable fashion, and that the UNIFORMS lacked proper inspections and guard mechanisms to ensure the materials utilized in the production of the UNIFORMS were safe for Plaintiffs. The aforementioned UNIFORMS were designed and manufactured in such a way that an unreasonable risk of injury was posed by the presence of chemicals in the UNIFORMS when used in a reasonable foreseeable manner.

39. The production of the UNIFORMS as well as the UNIFORM distribution lacked such reasonable protective measures to prevent injury from dangerous chemicals bonding to the UNIFORMS, despite the fact that TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, were aware of the importance of preventing injury from potentially dangerous chemicals used in the production process and embedded in the UNIFORMS, were aware of the importance of the proper safety mechanisms, such as inspections and proper manufacturing oversight, and despite the fact that it would have been practical and relatively inexpensive for defendants TAILORED BRANDS and TWIN HILL; and DOES 1 through 100, inclusive, and each of them, to incorporate alternative designs and/or chemicals into UNIFORM production, including additional and appropriate safety mechanisms and inspections that would have reasonably protected consumers and users of the UNIFORMS from unreasonable risk of injury.

40. Prior to the distribution of the UNIFORMS, the officers, directors, employees and/or managing agents of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive and each of them, knew, or should have known, that the UNIFORMS, were substandard and dangerous and would not provide reasonable safety to consumers during foreseeable use, causing the

BALABAN & SPIELBERGER LLP
11999 SAN VICENTE BOULEVARD, SUITE 345
LOS ANGELES, CALIFORNIA 90049

users or bystanders to suffer serious injury during foreseeable use.  Moreover, TWIN HILL and TAILORED BRANDS officers, directors, employees and/or managing agents, knew or should have known, that the UNIFORMS, were extremely dangerous and defective with the likely result of serious bodily injury to the users and consumers of such UNIFORMS.  The officers, directors, employees and/or managing agents of defendants TAILORED BRANDS and TWIN HILL; and DOES 1 through 100, inclusive and each of them, knew, prior to the distribution of the UNIFORMS to the American Airlines employees including but not limited to Plaintiffs and even prior to the manufacture of the UNIFORMS, of the availability of safer, affordable alternative designs and manufacturing processes for the production, inspection, and distribution of the UNIFORMS, which would have reduced or eliminated the risk of severe injuries to its consumers, users and bystanders.

41.     Despite this knowledge, defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive and each of them, by and through their officers, directors, employees and/or managing agents, failed to recall and/or replace the UNIFORMS, issue safety bulletins to the public, advise or warn purchasers or potential users, such as Plaintiffs, by providing warnings of the severe risk of injury from use of the UNIFORMS.  Although the officers, directors, employees and/or managing agents of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive and each of them, were aware of the need to recall and/or replace these garments, including the UNIFORM, issue public safety bulletins, and/or provide adequate warnings and inspections, defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, through the decisions of their officers, directors, employees and/or managing agents, acted in conscious disregard of the rights and safety of consumers, users and/or bystanders, by failing to utilize available safer alternative materials, designs, adequately warn of the hazards, and/or replace or recall these UNIFORMS, prior to the distribution of the UNIFORMS to American Airlines employees including but not limited to Plaintiffs.

42.     At all times mentioned herein, the officers, directors, and/or managing agents of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive and each of them, authorized and/or ratified the conduct of their employees, who knew or should have known of the growing number of serious injuries to consumers, users, and bystanders resulting from the

10
**THIRD AMENDED COMPLAINT**

defective condition of the UNIFORMS, designed and distributed by defendants, and the need for an alternative design, alternative materials, lack of injurious chemicals, and use of safety devices, inspections, and different chemical process, and additional warnings.

43. Plaintiffs are informed and believe, and thereupon allege, that on or about the time of the use of the UNIFORMS, the UNIFORMS were being used in a reasonably foreseeable manner. As a direct and proximate result of the defective condition of the UNIFORMS, and the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive and each of them, the UNIFORMS seriously injured Plaintiffs while wearing or being exposed to the UNIFORMS in a reasonably foreseeable manner, causing injury to the Plaintiffs, as set forth below.

44. As a direct and proximate result of the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiffs were injured and hurt in their health, strength and activity, sustaining injuries to their bodies, and shock and injury to their nervous system and person, all of which said injuries have caused and continue to cause the Plaintiffs great physical, mental and nervous pain and suffering. Plaintiffs are informed and believe and thereupon allege that said injuries will result in some permanent disability, all to their general damages in an amount according to proof pursuant to federal and state law.

45. As a direct and proximate result of the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, Plaintiffs have been compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat them, and have incurred hospital, medical, professional and incidental expenses, and Plaintiffs are informed and believe and thereupon allege that by reason of their injuries, Plaintiffs will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof pursuant to federal and state law.

46. As a direct and proximate result of the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiffs were prevented from attending to their usual occupation, and Plaintiffs are informed and believe and thereupon allege that they will thereby be prevented from attending to their usual occupation for a period of time in the future, and thereby will also sustain a loss of earning capacity, in addition to lost

earnings, past, present and future; the exact amount of such losses is unknown to Plaintiffs at this time, Plaintiffs allege said damages according to proof pursuant to federal and state law.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

**(Against all Defendants; and DOES 1 through 100 inclusive)**

47. Plaintiffs allege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 46, inclusive, of the General Allegations and the First Cause of Action.

48. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, buying, selling, inspecting, testing, analyzing, servicing, repairing, marketing, warranting, maintaining, modifying, altering, controlling, installing, fitting, entrusting, managing, advertising, supervising the use of making representations about and/or warning of defects in, or dangers associated with the use of the said UNIFORMS, including all component parts thereof, and had a duty to manufacture, fabricate, design, synthesize, assemble, distribute, buy, sell, inspect, test, analyze, service, repair, market, warrant, maintain, modify, alter, control, install, fit, entrust, manage, advertise, provide training for the use of, supervise the use of, make representations about and/or warn of defects in, or dangers associated with the use of, the said product, including all component parts and chemicals thereof, in a reasonable manner. Defendants knew, or in the exercise of reasonable care should have known, the UNIFORMS would be used without inspection by consumers and/or bystanders for defects or dangers.

49. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100,  inclusive, and each of them, breached their above-mentioned duties by negligently, recklessly, and/or carelessly manufacturing, fabricating, designing, synthesizing, assembling, distributing, buying, selling, inspecting, testing, analyzing, servicing, repairing, marketing, warranting, maintaining, modifying, altering, controlling, installing, fitting, entrusting, managing, advertising, supervising and/or failing to

supervise the use of, failing to train for the use of, making representations about, warning and/or failing to warn of defects in, or dangers associated with the use of, the UNIFORMS, including all or some component parts thereof, thereby rendering the said product unsafe and dangerous for use by consumers, users and bystanders, which proximately caused the injuries and damages to Plaintiffs, as alleged herein.

50. As a direct and proximate result of the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiffs were injured and hurt in their health, strength and activity, sustaining injuries to their bodies, and shock and injury to their nervous systems and persons, all of which said injuries have caused and continue to cause the Plaintiffs great physical, mental and nervous pain and suffering.  Plaintiffs are informed and believe and thereupon allege that said injuries will result in some permanent disability, all to their general damages which will be stated according to proof pursuant to federal and state law.

51. As a direct and proximate result of the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, Plaintiffs have been compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat them, and have incurred hospital, medical, professional and incidental expenses, and Plaintiffs are informed and believe and thereupon allege that by reason of their injuries, Plaintiffs will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof pursuant to federal and state law.

52. As a direct and proximate result of the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiffs were prevented from attending to their usual occupation, and Plaintiffs are informed and believe and thereupon allege that they will thereby be prevented from attending to their usual occupation for a period of time in the future, and thereby will also sustain a loss of earning capacity, in addition to lost earnings, past, present and future; the exact amount of such losses is unknown to Plaintiffs at this time, Plaintiffs allege said damages according to proof pursuant to federal and state law.

///

///

## THIRD CAUSE OF ACTION

## NEGLIGENCE

**(Against All Defendants; and DOES 1 through 100 inclusive)**

53. Plaintiffs reallege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 53, inclusive, of the General Allegations as well as the First and Second Causes of Action.

54. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling and producing the UNIFORMS, as well as inspecting, selling, distributing, servicing, marketing, warranting, altering, controlling, fitting, entrusting, managing, advertising, buying and trading the UNIFORMS, including using various chemicals to manufacture and make the UNIFORMS, and had a duty to provide proper training, supervision and warning for their employees, any independent contractors, bystanders or anyone else expected to wear and/or be around the UNIFORMS to ensure safe chemicals were being utilized in the manufacturing, production and/or distribution of the UNIFORMS.  Defendants further had a duty to warn of any defects in, or dangers associated with the use of the said UNIFORMS and/or any component parts thereof, in a reasonable manner. Defendants also had a duty not to alter or modify the UNIFORMS so as to create a dangerous product.

55. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, breached their above-mentioned duties by negligently, recklessly, and/or carelessly failing to properly train, supervise and warn their employees, independent contractors and/or other foreseeable users of the risks associated with the use of the UNIFORMS.

56. Plaintiffs are informed and believe, and thereupon further allege, that at all times mentioned herein, defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, breached their above-mentioned duties by negligently, recklessly, and/or carelessly altering, removing, modifying and/or replacing component parts of the UNIFORMS,

including altering, removing, modifying and or replacing safety guards and/or inspections thereby rendering the UNIFORMS dangerous for use by users and/or bystanders including Plaintiffs.

57. As a direct and proximate result of the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiffs were injured and hurt in their health, strength and activity, sustaining injuries to their bodies, and shock and injury to their nervous systems and persons, all of which said injuries have caused and continue to cause Plaintiffs great physical, mental and nervous pain and suffering. Plaintiffs are informed and believe and thereupon allege that said injuries will result in some permanent disability, all to their general damages which will be stated according to proof pursuant to federal and state law.

58. As a direct and proximate result of the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, Plaintiffs have been compelled to employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat them, and have incurred hospital, medical, professional and incidental expenses, and Plaintiffs are informed and believe and thereupon allege that by reason of their injuries, Plaintiffs will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof pursuant to federal and state law.

59. As a direct and proximate result of the conduct of defendants TWIN HILL and TAILORED BRANDS; and DOES 1 through 100, inclusive, and each of them, as aforesaid, Plaintiffs were prevented from attending to their usual occupation, and Plaintiffs are informed and believe and thereupon allege that they will thereby be prevented from attending to their usual occupation for a period of time in the future, and thereby will also sustain a loss of earning capacity, in addition to lost earnings, past, present and future; the exact amount of such losses is unknown to Plaintiffs at this time, Plaintiffs alleges said damages according to proof pursuant to federal and state law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as follows:

FOR THE FIRST CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY:

1. For general damages according to proof;

2. For hospital, medical, professional and incidental expenses, according to proof;

3. For loss of earnings and loss of earning capacity, according to proof;

4. For prejudgment interest, according to proof;

5. For punitive and exemplary damages;

6. For costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

FOR THE SECOND AND THIRD CAUSES OF ACTION FOR NEGLIGENT PRODUCTS LIABILITY AND NEGLIGENCE:

1. For general damages according to proof;

2. For hospital, medical, professional and incidental expenses, according to proof;

3. For loss of earnings and loss of earning capacity, according to proof;

4. For prejudgment interest, according to proof;

5. For costs of suit incurred herein; and

6. For such other and further relief as the court may deem just and proper.

DATED: August 16, 2018  **BALABAN & SPIELBERGER, LLP**

/s/Andrew J. Spielberger
Daniel K. Balaban, Esq.
Andrew J. Spielberger, Esq.
Vanessa L. Loftus-Brewer, Esq.
Kahren Harutyunyan, Esq.
Attorneys for Plaintiffs

DATED: August 16, 2018  **KABATECK BROWN KELLNER, LLP**

/s/Anastasia K. Mazzella
Brian S. Kabateck, Esq.
Anastasia K. Mazzella, Esq.
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs HEATHER POOLE and the Plaintiffs listed herein, also listed in Exhibit 1, attached hereto, hereby demand a jury trial.

DATED: August 16, 2018                    **BALABAN & SPIELBERGER, LLP**

/s/Andrew J. Spielberger_____
Daniel K. Balaban, Esq.
Andrew J. Spielberger, Esq.
Vanessa L. Loftus-Brewer, Esq.
Attorneys for Plaintiffs

DATED: August 16, 2018                    **KABATECK BROWN KELLNER LLP**

/s/Anastasia K. Mazzella_____
Brian S. Kabateck, Esq.
Anastasia K. Mazzella, Esq.
Attorneys for Plaintiffs

## ATTORNEY SIGNATURE ATTESTATION

I, Anastasia K. Mazzella, am the CM/ECF user whose ID and password are being used to file this amended pleading.  Pursuant to Local Civil Rule 5-1(i)(3), I hereby attest that Andrew J. Spielberger on whose behalf this filing is jointly submitted, has concurred in this filing. I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

DATED: August 16, 2018                    **KABATECK BROWN KELLNER, LLP**

/s/Anastasia K. Mazzella_____
Anastasia K. Mazzella, Esq.
Attorneys for Plaintiffs